UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                            Plaintiff,

       v.

FREDERICK B. YOUNG,

                            Defendant.
_____

REPORT & RECOMMENDATION

21-CR-6010DGL

## PRELIMINARY STATEMENT

By Order of Hon. Elizabeth A. Wolford, Chief United States District Judge, dated January 27, 2021, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 16).

On January 26, 2021, the grand jury returned an indictment against defendant Frederick B. Young, and the indictment was filed the next day. (Docket # 14). The single-count indictment charges Young with traveling from New York to Michigan and failing to register and update his registration as required by the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250(a). (*Id.*). Currently pending before the Court are Young's *pro se* motion to dismiss the indictment for insufficiency and his motion to dismiss the indictment for violations of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* (Docket ## 39, 54, 56, 62). For the reasons discussed below, I recommend that Young's motions be denied.

**PROCEDURAL BACKGROUND**

On February 3, 2021, Young was arraigned on the January 26, 2021 indictment and entered a not guilty plea. (Docket ## 14, 19). At the arraignment, Young was represented by counsel who had been appointed at his initial appearance on December 3, 2020, following his arrest on a criminal complaint filed against him by the United States Attorney for the Western District of New York. (Docket # 4). At the time of the arraignment, a *Coonan* order was in place, which defense counsel had requested at Young's initial appearance, reserving his right to request a bail hearing in view of a then-pending New York State parole violation detainer. (Docket ## 4, 7). The Court scheduled the next appearance for February 18, 2021. (Docket # 19). At the defense's request, pursuant to 18 U.S.C. § 3161(h)(7), the Court excluded from the Speedy Trial Act calculations in the interests of justice the time between February 3 and February 18 in order to permit defense counsel to review discovery and to confer with Young regarding the discovery and the preparation of pretrial motions. (*Id.*).

The Court held a status conference on February 18, 2021, at which time defense counsel informed the Court that Young had pleaded guilty to a state parole violation and had been sentenced to a period of incarceration through April 24, 2021. (Docket # 23). The Court issued a motion scheduling order establishing a deadline of March 18, 2021, for defendant to file any pretrial motions. (*Id.*). Defense counsel requested a further interests of justice exclusion pursuant to 18 U.S.C. § 3161(h)(7) until March 18 in order to permit the defense time to research, prepare and file pretrial motions, which was granted by the Court. (*Id.*). At the request of the defense, the motion scheduling order was extended twice thereafter with accompanying interests of justice exclusions, and defense motions were filed on May 3, 2021. (Docket ## 25,

26, 27, 28, 30). Once the motions were filed, time was automatically excluded under 18 U.S.C. 3161(h)(1)(D) through the disposition of the motions seventeen days later. (*Id.*).

Following the defense's request to schedule a hearing on the government's motion for detention, this Court held a hearing on April 30, 2021, and reserved decision. (Docket # 31). On May 20, 2021, the Court conducted oral argument on defendant's pretrial motions, issued oral decisions on the motions, and also rendered a bench decision granting the government's motion for detention. (Docket ## 33, 34, 36). On that same date, following oral argument, defense counsel filed a motion to determine the mental competency of Young. (Docket # 35). Upon the filing of the competency motion, time was automatically excluded from the Speedy Trial Act under 18 U.S.C. § 3161(h)(1)(A), which affords an automatic exclusion of time for any period of "delay resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant." 18 U.S.C. § 3161(h)(1)(A). On June 1, 2021, Young submitted a *pro se* motion to dismiss the indictment for insufficiency. (Docket # 39).

This Court held oral argument on the competency motion on June 17, 2021, and on June 21, 2021, entered an order pursuant to 18 U.S.C. § 4241 committing Young to the custody of the Attorney General for placement at a suitable facility to undergo a psychiatric or psychological examination to determine his competency. (Docket ## 40, 41). On June 25, 2021, the Bureau of Prisons ("BOP") designated Young to be evaluated at MCC San Diego, and Young was transported from the Monroe County Jail to the Northeast Ohio Correctional Facility pending transportation to the San Diego facility. (Docket ## 59 at 6; 56 at 21; 54 at 2).

According to the government, on July 12, 2021, Young was transported to Cimarron Correctional Facility ("Cimarron") in Chickasha, Oklahoma, en route to San Diego,

although Young maintains that he was not transported to Cimarron until July 18. (Docket ## 56 at 21; 54 at 2; 59 at 6). The government and Young agree that Young suffered medical complications at Cimarron. (Docket ## 56 at 21; 54 at 2; 59 at 6). According to the government, Young was diagnosed with neuropathy and became non-ambulatory, a condition that disqualified him from being evaluated at MCC San Diego. (Docket # 59 at 6). The government represents that on July 30, 2021, Young was redesignated to SEATAC for evaluation, with an expected arrival date of August 6, 2021. (*Id.*). The government claims that on August 6, 2021, Young refused to board an aircraft to travel to SEATAC. (*Id.*).

Young asserts that he has been diagnosed with neuropathy since November 2018 and that the decline in his health was precipitated by the BOP's failure to provide him with prescribed medication. (Docket # 62 at 3-8). Young also contends that he did not refuse to board a plane on August 6, 2021, but rather was unable to do so because his confinement in a wheelchair made the plane inaccessible. (*Id.* at 9-10).

When the Court learned of the developments described above, it consulted with the United States Marshals Service to attempt to arrange for the examination to be conducted at Cimarron or another nearby facility. (*See* Docket # 45). Those efforts did not succeed because no qualified medical personnel were available at those facilities. (*Id.*).

On August 20 and 23, 2021, this Court conducted telephone conferences with counsel in an effort to facilitate Young's competency evaluation. (Docket ## 44, 46). During those conferences, the Court communicated to counsel that it was considering ordering that Young be transported back to the Western District of New York in order to be evaluated by a private forensic psychologist not employed by the BOP. (Docket # 45). On August 20, 2021, Young's counsel informed the Court that Rory Houghtalen, MD, had agreed to conduct the

examination in this district on September 10, 2021. (*Id.*). That same day, with the consent of both counsel, the Court rescinded its June 21, 2021 Order, including the provision committing him to the custody of the BOP for placement at a suitable federal facility for the competency examination, directed that Young be transported forthwith to the Western District of New York for a competency examination by Dr. Houghtalen, and adjourned the competency hearing until October 7, 2021. (*Id.*). As the Court's written order explained:

> [R]escission of the Court's June 21, 2021 Order . . . avoid[s] the further delays in the competency examination that would result from the defendant's transportation, particularly considering his current medical condition, to Seattle and, following the examination, to Rochester for any hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d). The interests in reducing any further delays and minimizing the risk of additional medical problems are heightened by the fact that nine weeks have already elapsed, defendant has evidently become non-ambulatory during that period, and defendant still has not even arrived at a facility designated by the Bureau of Prisons for his competency examination.

(*Id.*). On August 26, 2021, Young arrived at the Monroe County Jail. (Docket ## 56 at 23; 54 at 2). On September 10, 2021, Young and Dr. Houghtalen met virtually via a telehealth portal for an interview and evaluation. (Docket ## 50 at 7; 60 at 9, 22-23). During that interview, Young, who was detained at the Monroe County Jail, expressed concerns over a perceived lack of privacy due to the presence of another individual nearby during the interview. (Docket ## 50 at 7; 60 at 24-26). As a result, the interview was suspended, and arrangements were made for Young to be interviewed in the United States Marshals Service office located in the United States Courthouse in Rochester in order to provide a more private setting for the evaluation. (Docket ## 50 at 7; 60 at 27-29). The second meeting took place as arranged on

5

September 30, 2021; again, the meeting was conducted virtually via a telehealth portal. (Docket # 60 at 23-24, 27-29).

A court appearance was held on October 7, 2021, at which time defense counsel requested that the competency hearing be adjourned in order to permit Dr. Houghtalen to obtain and review additional records. (Docket # 47). The Court granted the request and adjourned the hearing until November 4, 2021. (*Id.*). On that date, the Court held another status conference with the parties, at which time defense counsel again advised that Dr. Houghtalen still had not received all of the records he needed in order to complete his evaluation. (Docket # 48). The Court adjourned the competency hearing until November 18, 2021. (*Id.*). During the November 18 appearance, Young asserted that his right to a speedy trial had been violated and requested new counsel. (Docket # 49). Because the competency report had not yet been prepared and disseminated to counsel and the Court, the competency hearing was adjourned, this time until November 30, 2021. (*Id.*). On November 29, 2021, Dr. Houghtalen's report was filed with the Court, and on November 30, 2021, the Court granted Young's request for appointment of new counsel and adjourned the hearing in light of that decision. (Docket ## 50, 51). On December 3, 2021, Scott Green, Esq., was appointed to represent Young, and this Court scheduled the competency hearing for January 7, 2022. (Docket # 52). The hearing took place as scheduled on that date. (Docket ## 57, 60).

# DISCUSSION

## I. Dismissal of the Indictment

Young has filed a *pro se* motion to dismiss the charges on the grounds that the

indictment is insufficient. (Docket # 39). For the reasons below, I recommend that the district court deny Young's motion.

Although criminal defendants possess both the right to appear *pro se* and to appointed counsel, ordinarily "those rights cannot be both exercised at the same time." *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977) (internal quotation omitted), *cert. denied*, 435 U.S. 976 (1978). Thus, "a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) (citing *Ennis v. LeFevre*, 560 F.2d at 1075 and *United States v. Cyphers*, 556 F.2d 630, 634 (2d Cir.), *cert. denied*, 431 U.S. 972 (1977)), *cert. denied*, 493 U.S. 1081 (1990); *see also United States v. Stevens*, 83 F.3d 60, 67 (2d Cir.) ("defendant has no absolute right" to serve as co-counsel in his defense), *cert. denied*, 519 U.S. 902 (1996). Whether to permit such "'hybrid representation' lies solely within the discretion of the trial court." *United States v. Tutino*, 883 F.2d at 1141 (citing *O'Reilly v. New York Times Co.*, 692 F.2d 863, 869 (2d Cir. 1982)). A court need not permit hybrid representation if a defendant does not offer a "compelling reason," *id*., or show that "the interests of justice [would be] served by a defendant's supplementation of the legal services provided by his retained counsel," *United States v. Swinton*, 400 F. Supp. 805, 806 (S.D.N.Y. 1975); *see also United States v. Muyet*, 985 F. Supp. 440, 441 (S.D.N.Y. 1998) (denying defendant's motion to submit *pro se* amendments to his attorney's post trial motions). Where the Court declines to exercise its discretion to permit hybrid representation, the Court may deny any pending *pro se* motions. *See United States v. D'Souza*, 1992 WL 151920, *2 (E.D.N.Y. 1992) (denying defendant's *pro se* motions without prejudice to later presentation through counsel).

Here, Young has failed to present any reason why the interests of justice would be served by permitting him to supplement his counsel's advocacy. In any event, Young's motion to dismiss the indictment for insufficiency lacks merit. It is well-established that an indictment that is valid on its face cannot be dismissed on the grounds that it is based on inadequate or insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54 (1992); *United States v. Calandra*, 414 U.S. 338, 345 (1974); *United States v. Casamento*, 887 F.2d 1141, 1182 (2d Cir. 1989), *cert. denied*, 493 U.S. 1081 (1990). Instead, the time to advance such a motion is after the government has presented its case at trial. *See, e.g.*, *United States v. Gambino*, 809 F. Supp. 1061, 1079 (S.D.N.Y. 1992); Fed. R. Crim. P. 29(a). Here, Young has not alleged any credible basis for this Court to find that the facially-valid indictment is otherwise deficient.

## II.    Speedy Trial Act Claim

Young moves to dismiss the indictment on the grounds that the Speedy Trial Act has been violated.[1] (Docket ## 54, 56, 62). The Speedy Trial Act requires that the trial of a defendant who pleads not guilty commence within seventy days of the filing of the indictment or the defendant's first appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Young contends that more than seventy days have elapsed as a result of two non-excludable periods of time: July 5 through August 26, 2021, and September 9 through October 7, 2021. (Docket ## 56 at 21-35; 54). As to the first period, Young maintains that he was in transit for his competency

---

[1] Young originally filed this motion *pro se*. (Docket # 56). After he was appointed new counsel, counsel supplemented the motion. (Docket # 54). Young also filed an additional *pro se* submission in further support of his motion, which the Court has reviewed and considered. (Docket # 62).

Young's *pro se* motion also challenges the Court's deferral of determination on Young's request for new counsel until after conclusion of the competency proceedings. (Docket # 56 at 3-11). Subsequent to the filing of that motion, however, the Court granted Young's request and appointed new counsel on December 3, 2021. (Docket ## 51, 52). Accordingly, that challenge is now moot.

evaluation for a total of sixty-two days[2] between June 25 through August 26, 2021, only ten days of which are properly excludable pursuant to 18 U.S.C. § 3161(h)(1)(F). (*Id.*). Citing *United States v. Tinklenberg*, 563 U.S. 647 (2011), Young contends that the remaining fifty-two days (between July 5 and August 26) are not excludable. (*Id.*). The government counters that the Second Circuit's decision in *United States v. Vasquez*, 918 F.2d 329 (2d Cir. 1990), is controlling and that the entire sixty-two day period is excludable pursuant to 18 U.S.C. 3161(h)(1)(A).[3] (Docket # 59 at 4-6). Alternatively, the government argues that the delay exceeding the presumptively reasonable ten-day period under Section 3161(h)(1)(F) was in fact reasonable and thus excludable under that provision. (*Id.* at 6-7).

As to the second challenged period, Young maintains that the competency evaluation was not commenced within the statutory time limits set forth in 18 U.S.C. § 4247(b), resulting in twenty-eight non-excludable days between September 9 and October 7. (Docket # 56 at 27-35). According to Young, he was transported back to the Western District of New York in late August and arrived at the Monroe County Jail on August 26, 2021. He interprets

---

[2] In his *pro se* submissions, Young contends that he was in transit for sixty days; his counsel, however, calculates the period to be sixty-two days. (*Compare* Docket #54 at 2 *with* Docket # 56 at 25). Regardless of which is used, neither calculation results in a Speedy Trial Act violation for the reasons discussed *infra*.

[3] In *Vasquez*, the Second Circuit addressed a Speedy Trial Act challenge brought by a defendant who did not arrive at the facility for his competency evaluation until eight months after the date that the district court issued an order directing his examination. *United States v. Vasquez*, 918 F.2d at 333. While recognizing that Section 3161(h)(1)(H) (subsequently redesignated as subsection (F)) specifies that only a ten-day period for transportation is presumptively reasonable, the Second Circuit held that any delays arising from proceedings to determine a defendant's competency occurring prior to conclusion of the competency hearing "must be excluded from the calculation of the speedy trial clock [under Section (h)(1)(A)] whether or not they are reasonable." *Id.* In *Tinklenberg*, the Sixth Circuit disagreed with the Second Circuit's decision in *Vasquez* and held that "a delay in transporting a defendant to a mental competency examination beyond the ten day limit imposed by § 3161(h)(1)(F) is presumptively unreasonable, and in the absence of rebutting evidence to explain the additional delay, this extra time is not excludable." *United States v. Tinklenberg*, 579 F.3d 589, 596 (6th Cir. 2009). The Supreme Court affirmed the Sixth Circuit's determination that a violation of the speedy trial clock had occurred, although it did not adopt the Sixth Circuit's legal interpretations. *United States v. Tinklenberg*, 563 U.S. at 663. Since the Supreme Court's determination in *Tinklenberg*, at least one court has held that *Vazquez* remains controlling precedent in this Circuit. *United States v. Brennan*, 354 F. Supp. 3d 250, 264-65 & n.8 (W.D.N.Y.), *aff'd*, 928 F.3d 210 (2019). For reasons discussed *infra*, I need not address whether *Vazquez* remains binding precedent in this Circuit.

Sections 4241 and 4247 to require that his competency evaluation have been commenced within fourteen days[4] of his arrival – by no later than September 9, 2021. (Docket # 56 at 27, 29). He contends that his examination began and concluded on October 7, 2021,[5] and that the twenty-eight days between September 9, 2021 and October 7, 2021 are not excludable under the Speedy Trial Act. (*Id.*). Adding these twenty-eight days to the fifty-two excess transport days results in eighty alleged non-excludable days – which exceeds the seventy-day period provided for under Section 3161(c)(1) – and thus warrants dismissal, in Young's estimation. (*Id.*). The government disagrees, maintaining that the time limits set forth in Section 4247(b) are inapplicable because Young was evaluated by Dr. Houghtalen, a non-BOP psychiatrist, and that, even if applicable, any violation of the Section 4247 statutory time limits does not implicate the Speedy Trial Act. (Docket # 59 at 7-9).

Following Young's arraignment on February 3, 2021, time was properly excluded in the interests of justice pursuant to 18 U.S.C. § 3161(h)(7) until Young filed his motions on May 3, 2021. (Docket ## 19, 23, 25, 26, 27, 28, 30). On that day, time was automatically excluded pursuant to 18 U.S.C. § 3161(h)(1)(D) through the date that the Court resolved the motions, on May 20, 2021. (Docket ## 33, 34, 36). On that same day, May 20, 2021, defense counsel filed the pending motion to determine Young's competency, resulting in an automatic exclusion of time pursuant to 18 U.S.C. § 3161(h)(1)(A), until the conclusion of those proceedings. (Docket ## 35, 61). A separate exclusion of time between the date the pending

---

[4] Young appears to contend that Section 4247(b) sets a fourteen-day period for commencement of a competency evaluation. (Docket # 56 at 29). The statute contains no such explicit limitation, and it is not clear to the Court the basis for Young's contention otherwise. Under Section 4247(b), examinations ordered under Section 4241 should be completed within thirty days, with reasonable extensions not to exceed fifteen days. *See* 18 U.S.C. § 4247(b).

[5] Young's submissions do not make clear why he contends that his evaluation was commenced and completed on October 7, 2021. Dr. Houghtalen testified that he interviewed Young on September 10 and 30, 2021, and his report is dated November 26, 2021. (Docket ## 50; 60 at 22-24).

10

Speedy Trial Act dismissal motion was filed and the date of this decision also applies pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and 3161(h)(1)(H). (Docket # 54).

As discussed above, Young does not challenge the excludability of the entire period after his arraignment, but rather challenges the excludability of the two specific periods of time discussed *supra*. Turning first to the twenty-eight day period after Young's return to the Monroe County Jail, I agree with the government that the Speedy Trial Act does not incorporate the statutory time limits set forth in 18 U.S.C. § 4247(b).[6] *See United States v. James*, 418 F. App'x 751, 754 (10th Cir. 2011) ("the Speedy Trial Act does not provide a remedy for a violation of 18 U.S.C. § 4247(b)'s time limitations for a mental competency examination") (internal quotations omitted); *White v. United States*, 273 F. App'x 559, 565 (7th Cir. 2008) ("there is no sanction for exceeding the time limits in § 4247(b), and we have declined to incorporate the time limits from that statute into the Speedy Trial Act, which sets no limit on the period that is excluded for competency or other mental evaluations") (citing *United States v. Fuller*, 86 F.3d 105, 106-07 (7th Cir. 1996) and *United States v. Scott*, 784 F.2d 787, 789-90 (7th Cir.), *cert. denied*, 476 U.S, 1145 (1986)); *United States v. DeGarmo*, 450 F.3d 360, 363 & n.2 (8th Cir.) ("the [Speedy Trial Act] does not adopt . . . the 30-day time limit set forth in § 4247(b)[;] . . . [w]e further note that several other circuits have similarly concluded that importing into the [Speedy Trial Act] the 30-day time limit from § 4247(b) would be improper") (citing cases), *cert. denied*, 549 U.S. 1004 (2006); *United States v. Jackson*, 179 F. App'x 921, 934 (6th Cir. 2006) ("this Court, like others, has refused to use the [Speedy Trial] Act to craft remedies for alleged violations of 18 U.S.C. § 4247's time limitations") (citing *United States v. Murphy*, 241 F.3d 447, 455-56 (6th Cir.), *cert. denied*, 532 U.S. 1044 (2001) and *United States v.*

---

[6] Although Young has not specifically challenged the excludability of any period after October 7, 2021, this Court finds that the time after that period is also excludable under 18 U.S.C. § 3161(h)(1)(A).

*Taylor*, 353 F.3d 868, 870 (10th Cir. 2003), *cert. denied*, 541 U.S. 1018 (2004)); *United States v. Daychild*, 357 F.3d 1082, 1094 (9th Cir. 2004) ("the time period under 18 U.S.C. § 4247 has no bearing on speedy trial calculations[;] . . . the forty-five day limit for examination under 18 U.S.C. § 4241 does not constrain the excludable time for speedy trial purposes"); *United States v. Brennan*, 354 F. Supp. 3d at 265 ("[t]he Court, in accordance with every other court that has considered the question, finds that § 4247(b) does not limit the excludable time period for a competency examination under the [Speedy Trial Act]") (internal quotations omitted). Accordingly, I find that the twenty-eight day period of time between September 9 through October 7, 2021, is excluded under 18 U.S.C. § 3161(h)(1)(A) and does not count towards the seventy-day period within which trial must commence following indictment. Moreover, even if any independent violation of the time limitations under Sections 4241 and 4247 could be shown on this record – a finding I do not make – such a violation would not warrant dismissal of the indictment. *See Brennan*, 354 F. Supp. 3d at 265 n.12 ("[i]t is not clear what precisely is the appropriate sanction for a § 4247(b) violation, but dismissal does not appear to be an available remedy").

Having concluded that the days between Young's return to the Monroe County Jail and the completion of Dr. Houghtalen's evaluation are properly excluded from the Speedy Trial Act, I need not resolve the parties' remaining disputes regarding the excludability of the fifty-two days during which Young was in transit. "The defendant is the one who bears the burden of proving a violation of the Speedy Trial Act" has occurred. *United States v. Stephenson*, 2020 WL 7398759, *4 (W.D.N.Y. 2020); *United States v. Tufino*, 2021 WL 1788521, *1 (W.D.N.Y. 2021) ("[o]n such a motion, the defendant bears the burden of proving a Speedy Trial Act violation"). Even assuming that Young were correct that any transportation-

related days in excess of ten are not excludable – a determination I do not reach – he still would not be able to establish a Speedy Trial Act violation because at most fifty-eight non-excludable days have elapsed since Young's indictment was filed, short of the seventy days allowed by the statute.[7] *See United States v. Mulgado-Patida*, 402 F. App'x 367, 373 (10th Cir. 2010) (finding no Speedy Trial Act violation; "even assuming that none of the ends-of-justice continuances were properly granted, [d]efendant's speedy-trial clock ran at most 28 days . . . comfortably within the 70 days allowed"); *United States v. Akhavan*, 523 F. Supp. 3d 443, 450 (S.D.N.Y. 2021) (finding no Speedy Trial Act violation; "even assuming . . . that there was a defect in the [c]ourt's exclusions of time in the interests of justice under the Speedy Trial Act, no more than 66 non-excludable days have passed"). Accordingly, I find that Young's rights under the Speedy Trial Act have not been infringed, and I recommend denial of his motion to dismiss the indictment on speedy trial grounds.

### III.     Alleged Violation of 18 U.S.C. § 4247(b)

Young also maintains that dismissal of the indictment is appropriate because his mental competency evaluation was not conducted at a "suitable facility" within the meaning of Section 4247(b). (Docket # 56 at 35-41). As explained *supra*, as a result of the difficulties encountered in transporting Young to a suitable BOP facility at which the evaluation could be conducted, Young's evaluation was conducted by a private forensic psychologist in an outpatient setting through the use of a telehealth portal. The requirement that the examination occur at a

---

[7] Although not argued by Young, because his first appearance before the Court occurred on December 3, 2020, the six days between the filing of the indictment on January 27, 2021, and defendant's February 3, 2021 arraignment are likely non-excludable, bringing the total of non-excludable days to fifty-eight at most. *See* 18 U.S.C. § 3161(c)(1) (trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, *whichever date last occurs*") (emphasis added).

"suitable facility" applies only where the defendant has been ordered into the custody of the Attorney General for the purpose of the examination. *See* 18 U.S.C. §§ 4247(b). In this case, although Young was initially ordered into the custody of the Attorney General, prompting the BOP to designate MCC San Diego and then SEATAC, that order was rescinded on August 23, 2021, in order to permit Young to be examined by a private forensic psychologist not employed by or under contract with the BOP. (Docket ## 41, 45). On this record, I do not find that Section 4247(b) has been violated, let alone that dismissal of the indictment is warranted on that basis.

## CONCLUSION

For the reasons stated above, I recommend that the district court deny Young's motions to dismiss the indictment for insufficiency and for violations of his speedy trial rights. (Docket ## 39, 54, 56).

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
February 17, 2022

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[8]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                                      *s/Marian W. Payson*
                                                     MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
            February 17, 2022

---

[8] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).