UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

        v.

FREDERICK B. YOUNG,

                                Defendant.
_____

DECISION AND ORDER

21-CR-6010L

      Defendant Frederick R. Young has been charged in a one-count indictment with failing to register and update a registration, as he was required to do, under the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250(a).

      Pending before the Court are three motions to dismiss the indictment. Two of the motions were filed by defendant's former and current attorneys, and the third was filed by defendant *pro se*. All three motions assert that Young's due process and speedy trial rights have been violated because of the length of time he has been in custody awaiting an evaluation and determination of his competency to stand trial.

## FACTUAL BACKGROUND

      On May 20, 2021, following a detention hearing, Magistrate Judge Marion W. Payson ordered defendant detained pending trial pursuant to 18 U.S.C. § 3142, on the ground that no

condition or combination of conditions would reasonably assure defendant's appearance as required. (Dkt. #36.)

On that same date, defense counsel filed a motion for a psychiatric examination of defendant. (Dkt. #35.) Magistrate Judge Payson granted the motion on June 21, 2021. (Dkt. #41.) Due to certain delays in effectuating that order, Judge Payson rescinded the order on August 23, 2021 and issued another order directing that defendant undergo a competency evaluation by a forensic psychiatrist in this district. (Dkt. #45.)

Following the issuance of that order, further delays were occasioned by defense requests for more time to gather relevant information, and defendant's motions to dismiss the indictment (which was denied) and for new counsel (which was granted). Eventually defendant was examined by Rory Houghtalen, M.D., who had been identified by defense counsel as a local psychiatrist who was willing to undertake an evaluation of defendant.

After Dr. Houghtalen submitted his report (Dkt. #50), Judge Payson conducted a competency hearing on January 7, 2022. At defense counsel's request, Dr. Houghtalen re-examined defendant and submitted a supplemental report. (Dkt. #69.)

The magistrate judge issued a Report and Recommendation ("R&R") on April 18, 2022 (Dkt. #74), recommending that defendant be found incompetent to stand trial. On May 10, 2022, I issued a Decision and Order (Dkt. #77) accepting and adopting the R&R.

Pursuant to 18 U.S.C. § 4241(d)(1), the Court directed that defendant be committed to the custody of the Attorney General for a reasonable period, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future he will obtain the capacity and competency to permit the criminal proceedings to go forward.

Since that Decision and Order was issued, defendant has remained confined at the Monroe County Jail. According to the Government, defendant is on a "waitlist" for transfer to the Federal Medical Center in Butner, North Carolina ("Butner"), where he will be evaluated for restoration of competency. According to submissions from both the Government and defendant's former and current attorneys, as of June 7, 2022, defendant was number 79 out of 88 prisoners on the waitlist. On June 29, he was number 68, on August 1 number 58, on August 25 number 42, and on September 13 number 39. The Government states that the waitlist is strictly chronological, so defendant's progress up the list is entirely dependent on bed space becoming available as the inmates ahead of him are moved into and out of Butner. At the rate defendant has been moving up the list (40 spots in roughly three months plus one week), he would likely be admitted to Butner sometime in mid- to late December.

On August 1, 2022, defendant's then-attorney, Scott M. Green, Esq., filed a motion to dismiss the indictment or for an order directing the Attorney General to immediately move defendant to a facility for hospitalization and evaluation. (Dkt. #81.) Shortly after filing that motion, Green moved for leave to withdraw as defendant's attorney, primarily because he was closing his private practice. That motion was granted, and the Court appointed James C. Egan, Esq. as new counsel for defendant. Egan also filed a motion to dismiss or for immediate hospitalization (Dkt. #91), and defendant has filed a *pro se* motion to dismiss the indictment. (Dkt. #90.)

**DISCUSSION**

Congress enacted § 4241 to protect the government's interest in bringing accused persons to trial, consistent with the due process concerns that are presented when the accused lacks the mental capacity to understand the nature of the proceedings. Congress also sought to avoid the prospect of indefinite commitment of incompetent defendants. *United States v. Magassouba*, 544 F.3d 385, 403 (2d Cir. 2008). "[T]he overarching purpose of commitment under § 4241(d) is to enable medical professionals to accurately determine whether a criminal defendant is restorable to mental competency." *United States v. Brennan*, 928 F.3d 210, 215 (2d Cir. 2019) (quoting *United States v. Strong*, 489 F.3d 1055, 1062 (9th Cir. 2007)).

Under the framework established by the statute, the district court is required to make an initial determination of the defendant's present capacity to stand trial. The statute directs that "[i]f, after [a] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent ... the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d). The Attorney General is then required to hospitalize the defendant for treatment in a "suitable" facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id.* § 4241(d)(1). If the court finds a "substantial probability" that the defendant can attain competency in the "foreseeable future," the court may direct that the defendant be committed for an additional "reasonable period" of appropriate treatment, *id.* § 4241(d)(2)(A).

In the case at bar, the Court ordered defendant committed to the Attorney General's custody under § 4241(d)(1) on May 10, 2022. More than four months have elapsed since that order was issued, and defendant has not yet undergone a medical evaluation, or been transferred to a facility where such an evaluation could be performed. It appears that it may be more months before that occurs. The systemic delay is unfortunate and troubling.

That does not mean that there has been a violation of the statute, however. Courts, including the Second Circuit, have held that the four-month period prescribed by § 4241(d) begins to run begins to run upon the defendant's hospitalization, not upon his commitment to the Attorney General's custody. *See Magassouba*, 544 F.3d at 408 ("[W]e construe § 4241(d)(1) to impose a four-month limit only on the Attorney General's authority to hold an incompetent defendant in custodial hospitalization for the purpose of determining the probability of his regaining competency"); *United States v. Belgarde*, No. 21-cr-58, 2022 WL 540932, at *4 (D.N.D. February 23, 2022) ("per the plain language of the statute, the statutory four-month period is triggered by hospitalization"); *United States v. Blakney*, No. 19-cr-862, 2021 WL 3375514, at *1 (D.S.C. Aug. 3, 2021) ("the four-month period mandated by § 4241(d)(1) encompasses the defendant's hospitalization, not the time it takes to transport him to the medical facility").

As stated, however, in enacting § 4241, Congress also sought to avoid the prospect of defendants being held in custody for inordinate lengths of time after they have been found to be incompetent to stand trial. At some point, a defendant's continued confinement, with no trial, evaluation or treatment in sight, can violate the defendant's due process rights. *See Jackson v. Indiana*, 406 U.S. 715, 730 (1972) ("[I]ndefinite commitment of a criminal defendant solely on

account of his incompetency to stand trial does not square with the Fourteenth Amendment's guarantee of due process"); *Brennan*, 928 F.3d at 214 ("where ... an incompetent criminal defendant is held in custody for the purpose of determining if he will regain competency in the foreseeable future, the defendant's commitment must at all times reasonably relate to evaluating his ability to regain competency or to restoring him to competency through treatment").

In my judgment, that point has not been reached here. In *Magassouba*, the Second Circuit held that the nineteen-month period the defendant spent in Bureau of Prisons custody from the date on which he was found incompetent to the date on which the district court entered a § 4241(d)(2) order, while "not insignificant," was also "not constitutionally unreasonable." 544 F.3d at 417. In so ruling, the court emphasized that "the Constitution itself draws no bright lines signaling when an incompetent defendant's continued detention to restore competency becomes unreasonable." 544 F.3d at 416. The Court of Appeals explained that in making that determination, courts should consider a range of factors, including the length of time at issue, the reasons for any delay, and prejudice to the defendant. *Id.* at 416-17.

In the instant case, there is no dispute that the delay is attributable to a lack of resources, primarily bed space, to accommodate the number of prisoners awaiting evaluation, with a resulting backlog and lengthy waiting period. There is no suggestion or evidence that defendant's wait time is in any way due to malfeasance or bad faith on the part of the Government.

In addition, it should be noted that defendant is not in custody solely because of the competency issue. Well before the competency hearing, defendant was ordered detained pending trial pursuant to 18 U.S.C. § 3142(e), on the ground that no condition or combination of

conditions would reasonably assure defendant's appearance as required. (Dkt. #36.) "There is no statutory limit on the length of pretrial detention under 18 U.S.C. § 3142(e)." *United States v. Lewis*, 5 F.Supp.3d 515, 526 (S.D.N.Y. 2014) (citing *United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993)). *See also Magassouba*, 544 F.3d at 393 (finding that Attorney General's retention of the defendant in a psychiatric hospital for a few weeks longer than authorized by the district court was effected without authority, but was harmless, in part "because [the defendant's] general confinement was otherwise authorized by the Bail Reform Act, 18 U.S.C. § 3142").

To be sure, a defendant's continued detention "must comport with the reasonable time limitations of due process, regardless of whether that confinement involves custodial hospitalization pursuant to § 4241(d) or general detention pursuant to § 3142." *Id.* at 416. *See also Orena*, 986 F.3d at 630 (stating that "[t]he length of a defendant's pretrial detention may, of course, be challenged under the Due Process Clause," that such a challenge "requires assessment on a case-by-case basis," and that the defendant's nine-month detention under § 3142 did not give rise to a due process violation).

Weighing the relevant factors here, I find that defendant's continued detention has not exceeded what is permissible under the Due Process Clause. While the length of a defendant's detention is not solely dispositive, the expected wait in this case of about six or seven months is not so extraordinarily long as to give rise to a due process violation, much less provide a basis to dismiss the indictment. *See Magassouba*, 544 F.3d at 416 (concluding that 19-month period of custody was not constitutionally impermissible).

Nor does the Court have either the authority, the ability, or a sound reason to somehow expedite the process in this case. The statute unequivocally mandates that upon a preliminary

finding of incompetency, "the court shall commit the defendant to the custody of the Attorney General" for hospitalization. That the defendant may be discomfited by the wait time for that to occur does not mean that the Court can or should order his immediate hospitalization. No doubt every defendant awaiting evaluation would like to jump to the head of the line, or otherwise be accorded special treatment, but for the Court to attempt to do so would only interfere with the system in place and would likely cause more problems than it would solve.

Finally, I find no violation here of the Speedy Trial Act. That act provides an automatic exclusion of time for any period of "delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant." 18 U.S.C. § 3161(h)(1)(A). Defendants' reliance on the Speedy Trial Act is therefore misplaced.

## CONCLUSION

Defendant's motions to dismiss the indictment and for other relief (Dkt. #81, #90, and #91) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        October 12, 2022.